## SHIELDS v. COLUMBIA RIVER LUMBER CO.

### (Circuit Court of Appeals, Ninth Circuit. February 7, 1916.)

### No. 2585.

BROKERS ☞64—COMMISSIONS—WHEN EARNED.

Through the efforts of certain brokers, K. took an option to purchase land from defendant, under which he was to pay $80,000 on delivery of the deed, and $145,000 within five years, and was to secure defendant by placing in escrow for its benefit the entire capital stock of a proposed corporation, to which he was to have the title transferred. On the day the option was executed, defendant executed an instrument providing that, in consideration of the brokers' services, defendant agreed, "in event of said K.'s carrying out completely the said proposed sale," to pay a commission of $15,000 "in manner and form following," and directing the escrow, when the stock was delivered to it, to set over and hold for the benefit of W., one of such brokers, $10,000 worth of the stock, and when the cash should be paid to redeem the stock certificates to pay to W. $10,000 to cover all claims of W. on account of the commissions. Defendant refused to sign this instrument until the quoted words were inserted therein. K. did not carry out the option, and a new agreement was reached, under which a new corporation was organized, to which the land was conveyed; all of the stock being owned by defendant, and K. being given an option to purchase the stock. The corporation borrowed and paid defendant $80,000 on the purchase price of the land, but K. never exercised the option to purchase the stock. *Held*, that W. was not entitled to the agreed commission of $10,000, as it was not intended that the escrow was to be a trustee for W. as to $10,000 worth of the stock, but that the stock was to be held for his benefit and protection, and the money secured thereby was to be turned over to him only in case he earned the commission in accordance with the precise terms of the agreement, and no sale was ever completed, as defendant, as owner of all the stock of the corporation to which title was transferred, still owned the land.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 67, 97; Dec. Dig. ☞64.]

In Error to the District Court of the United States for the Northern Division of the Western District of Washington; Jeremiah Neterer, Judge.

Action by Thomas M. Shields against the Columbia River Lumber Company. Judgment for defendant, and plaintiff brings error. Affirmed.

The plaintiff in error, as the assignee of one Winsor, brought this action against the defendant in error to recover $10,000 and interest on account of the alleged conversion of certain shares of stock. The parties will be named plaintiff and defendant, as they were in the court below. The defendant owned 50,000 acres of land in Chelan county, Wash. In the year 1911 it employed one Murray to obtain a purchaser for the land at the price of $200,000, out of which sum Murray was to receive a commission of 5 per cent. Murray became associated with Winsor, and he and Winsor found a prospective purchaser in Kellogg. It was proposed that Kellogg buy the land at $225,000, of which sum the defendant was to receive $205,000, and the remainder was to be apportioned, $5,000 to Murray and $5,000 to one Steeves, who was associated with him, and $10,000 to Winsor, which sum Winsor was to divide with Kellogg. On August 23, 1911, the defendant gave an option to Kellogg, under the terms of which he was to pay the defendant $80,000 on delivery of the deed,.

and $145,000 on or about five years thereafter, of which sum $5,000 was to be paid by Kellogg to Murray. Kellogg was to furnish the defendant a surety bond to guarantee the payment of the $145,000, and was further to secure the defendant by placing in escrow for its benefit the entire capital stock of the proposed corporation, to which Kellogg was to have the title transferred.

In connection with that option, and on the day on which it was executed, Winsor presented to the defendant for its signature an instrument, in which it was stated that the defendant "has agreed to pay as a commission for perfecting the sale the sum of $15,000." This instrument the defendant declined to sign, and insisted upon inserting therein, after the word "agreed," the following words: "In the event of said Kellogg's carrying out completely the said proposed sale," and further inserted after the figures "$15,000" the following words: "In manner and form following," so that the instrument read as follows: "Now, therefore, in consideration of the services rendered by Thomas Winsor and R. H. Steeves in negotiating and effecting a sale of said property, the Columbia River Lumber Company have agreed, in event of said Kellogg's carrying out completely the said proposed sale, to pay as a commission for perfecting said sale the sum of $15,000, in manner and form following: Now, you are hereby requested and directed that, when the certificates of stock mentioned in said agreements are delivered to you by F. P. Kellogg, or his assigns, for the benefit of the Columbia River Lumber Company, to set over and hold for the benefit of Thomas Winsor $10,000 worth of said certificates, and for the benefit of R. H. Steeves $5,000 worth of said certificates; and when the cash shall be paid to redeem said certificates and the interest thereon, you are hereby further directed to pay to Thomas Winsor, of Seattle, Wash., the sum of $10,000, plus the interest at 6 per cent. accrued thereon, and further to pay to R. H. Steeves $5,000, together with the interest accrued thereon at 6 per cent., said amounts to cover all the claim or claims of the said Thomas Winsor and R. H. Steeves against any of the parties to said transaction on account of commissions for the negotiating and completing of sale of said property, the same to be deducted as hereinabove stated from the amounts to be turned over by you to the Columbia River Lumber Company, and the amount of the escrow agreement entered into between F. P. Kellogg and the Columbia River Lumber Company is varied to the amount of $15,000."

The option so referred to was never carried out, the corporation was not formed, and Kellogg did not furnish the bond therein mentioned. The result was that on November 29, 1911, a new option was given to Kellogg, under which a new corporation was to be organized, to be known as the F. P. Kellogg Lumber Company of Nevada, the capital stock of which was to be $450,000, all of which was to be held and owned by the defendant, but which stock, excepting a certain portion thereof, Kellogg had the option to purchase from the defendant within a time stated. The defendant's land was conveyed to that corporation, and the corporation borrowed and paid the defendant the sum of $80,000, but Kellogg never availed himself of the option to purchase the stock. The foregoing facts having been made to appear on the trial, upon the close of the plaintiff's case, the court below granted the defendant a judgment of nonsuit.

Edgar S. Hadley and Will H. Thompson, both of Seattle, Wash., for plaintiff in error.

George D. Emery, of Seattle, Wash., and Arthur W. Selover, of Minneapolis, Minn., for defendant in error.

Before GILBERT and ROSS, Circuit Judges, and RUDKIN, District Judge.

GILBERT, Circuit Judge (after stating the facts as above). The plaintiff assigns error to the judgment of nonsuit, and contends that he furnished sufficient evidence to go to the jury to show that Winsor, the plaintiff's assignee, earned the commission which was contemplated

in the agreement of August 23, 1911, in that said Winsor found a purchaser for the defendant's lands, brought the parties together, and induced them to enter into the written instrument of November 29, 1911, in pursuance of which a corporation was formed, and the property of the defendant was deeded to that corporation; and the plaintiff relies especially upon that portion of the defendant's written instructions to the Union Trust Company, in which that company was requested and directed to set over and hold for the benefit of Thomas Winsor $10,000 worth of the certificates of stock of the corporation that was to be formed, "said amounts," the instrument goes on to say, "to cover all the claim or claims of said Thomas Winsor * * * against any of the parties to said transaction, on account of commissions for the negotiating and completing of sale of said property." But the plaintiff omits to mention that, between the provisions so quoted, the instrument contains the following:

"And when the cash shall be paid to redeem said certificates and the interest thereon, you are hereby further directed to pay to Thomas Winsor, of Seattle, Wash., the sum of $10,000, plus the interest at 6 per cent. accrued thereon."

The instructions to the escrow holder do not mean, and do not purport to say, that Winsor had earned his commission, or that the trust company was made a trustee of $10,000 worth of stock certificates for Winsor. Those provisions are to be construed together with the terms of the contract between Winsor and the defendant of the same date, and when so construed it is clear that while the certificates were to be held for the benefit of Winsor, and for his protection, the money secured thereby was to be turned over to him only in case he earned the commission in accordance with the precise terms of his agreement with the defendant. When we turn to that agreement we find that the payment of Winsor's commission depended upon Kellogg's "carrying out completely the said proposed sale"—a provision inserted in the instrument at the defendant's special instance. In other words, the agreement makes it plain that Winsor was to be paid a commission only in the event that the defendant received the full purchase price for which it agreed to sell the lands, and that he was to be paid out of the money so realized and not otherwise. If it had been the intention that the shares of stock were earned by Winsor when the land was deeded to the F. P. Kellogg Lumber Company, there would have been no occasion to place the same in escrow. They would have been delivered to Winsor.

Now, it is clear that the sale never was completed. It is true that title to the lands was transferred from the defendant to a corporation of which the defendant owned the stock, but that was not a sale of the lands. It was but a step preparatory to a sale. As owner of the stock of the corporation the defendant still owned the lands. The sale would have been completed and perfected only when the land was paid for; that is to say, when Kellogg, the proposed purchaser, paid the defendant the agreed purchase price for the stock. That agreement was never carried out. On February 8, 1913, Kellogg abandoned the effort to purchase the stock, and the agreement of November 29, 1911, was surrendered and canceled. The defendant never re-

ceived a dollar in consideration for a sale of its land, and it never became liable to Winsor for the payment of a commission.

The judgment is affirmed.